IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 13-24656-CMB |
| | ) | |
| SYNTHIA CONTESTABILE, | ) | |
| | ) | Chapter 11 |
| Debtor | ) | |

## PLAN OF REORGANIZATION DATED NOVEMBER 1, 2013

Synthia Contestabile, the Debtor-in-possession, propose the following Plan of Reorganization ("Plan") pursuant to Section 1121 of the Bankruptcy Code ("Code"), 11 U.S.C. section 1121:

### I. Definitions

The following terms, when used herein or in the Plan, shall, unless the context otherwise indicates, have the following meanings, respectively:

1.01  Allowed Administrative Claim:  All or that portion of any Administrative claim which either (a) has been allowed by Final Order, or (b) was incurred by the estate of the Debtors in the ordinary course of business during these reorganization proceedings.

1.02  Allowed Claim: A claim, other than an Administrative claim, either scheduled pursuant to the Code, other than a claim scheduled as disputed, contingent, or liquidated, or proof of which has been timely filed with the Court pursuant to the Code or any Order of the Court, or late filed with Leave or Court after Notice and Hearing, and either no objection to the allowance of which or a Motion to Expunge has been interposed before any final date for the filing of such objections or motions set forth in the Order of Court confirming the Plan, or any objection to the allowance of which or a Motion to Expunge has been overruled by a Final Order, or which has otherwise been allowed by a Final Order.

1.03  Confirmation Date:  The date of entry of the Order of Court confirming the Plan.

1.04  Confirmation Order:  The Order of Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.05  Court:  The United States Bankruptcy Court for the Western District of Pennsylvania, acting in this case.

1.06  Debtors: Synthia Contestabile.

1.07  Effective Date:  The thirtieth day after the Confirmation Date, provided no Order is entered staying the Confirmation Order or the thirtieth day after which any stay of the confirmation Order ceases to be effective.

  1.08  Final Order:  An Order or judgment, the operation or effect of which has not been stayed, and as to which Order or judgment or any revision, modification or amendment thereof, the time to appeal or seek review or rehearing has expired, and as to which no timely filed appeal or petition for review or rehearing is pending.

  1.09  Plan:  The Debtor's Plan of Reorganization dated November 1, 2013.

  1.10  Secured Claim:  An allowed claim of a creditor secured by a lien on property in which the Debtors have an interest, or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent the lien or setoff is supported by the value of the property.

## II.  Effect of Confirmation

  On the Confirmation Date, all of the provisions of the Plan shall be binding on the Debtors, all claimants, all creditors, all interest holders and all other parties-in-interest who are affected (or whose interests may be affected) in any manner by the Plan.  On the Confirmation Date, the Debtors, their agents, servants, employees, accountants and attorneys, and the Trustee and Trustee's attorneys will be released and forever discharged, subject to the provisions of 11 U.S.C. Sec. 1141, from and against any and all claims or rights of creditors of the Debtors of any nature arising prior to confirmation of the Plan except for willful misconduct, and the rights of creditors of the Debtors against the Debtors, its agents, servants, employees, accountants and attorneys will be limited to those arising under the Plan.

  At any time prior to the Confirmation date, the Debtors may amend the bankruptcy schedules in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

## III.  Classification of Claims and Interests

  The creditors of the Debtor is divided into the following classes:

 1. Class I shall consist of all allowed administrative claims and expenses.  This class will include the administrative claims of the Debtor's attorneys and, any other professionals retained by the Debtor in this case with approval by the Court, quarterly fees due to the Office of the United States Trustee, and debts incurred since the filing date, including any administrative tax claims.

 2. Class II shall consist of the creditor holding allowed secured mortgage claim of JP Morgan Chase Bank/Selene Financial (purported assignee) (first mortgage) in the amount of $275,043.84 against the Debtor's residence located at 320 Christine Drive, Irwin, PA 15642.

### IV.  Treatment of Claims and Interests

The Debtors propose to pay claims as follows:

1. Class I administrative claims shall remain unimpaired and be paid in full on or before the 30th day after the entry of the Confirmation Order, or in the ordinary course of business or as otherwise agreed to by the parties and approved by the Court.  Claims of the professionals engaged by the Debtors, or claims in this class disputed by the Debtors are subject to Bankruptcy Court approval.

2. The Class II claim of the creditors are impaired holding allowed secured mortgage claim of JP Morgan Chase Bank and/or Selene Finance (purported assignee) in the amount of $275,043.84 against the Debtor's residence located at 320 Christine Drive, Irwin, PA 15642.   The Debtor shall reamortize same at 4.5% over thirty (30) years.  The monthly P/I payments shall be $1,393.61  per month commencing 30 days following confirmation of her Plan.  The Debtor believes that the post-petition escrow of $350.00 is required to fund insurance and real estate tax escrow, as such, **the Debtor shall remit a monthly amount of $1,743.61 to  JP Morgan Chase Bank and/or Selene Finance (purported assignee) (which represents P/I plus Escrow) for the duration of the mortgage.**  JP Morgan Chase Bank and/or Selene Finance (purported assignee) shall be permitted to make periodic escrow analysis and adjustments and submit Notice of Escrow Changes to the Debtors in accordance with state law.   Debtor anticipates that payments should begin on January 5, 2014.

### V.  Stay of Collection Efforts

The Plan does not provide for the release of non-debtor parties.

### VI.  Means for Execution of the Plan

The Debtor proposes to fund the Plan from her employment income, support payments and possibly additional part-time work.

### VII.  Distributions

The Debtor will be subject to the provisions of the Bankruptcy Code and Rules, and will have the rights and duties of a Reorganized Debtor under Chapter 11 of the Bankruptcy Code.  The Debtor will make direct payments to creditors in accordance with the Plan.

### VIII.  Executory Contracts

On the Confirmation Date, the Debtor will reject all executory contracts and unexpired leases. The Debtor reserves the right to reject, prior to the Confirmation Date or any date established by Order of Court, any executory contract which it deems to be necessary or of benefit to the estate.

### IX.  Discharge of Debt

On the date the Confirmation Order becomes a Final Order, the promises and obligations of the Debtor provided for in the Plan will bind the Debtor, and any creditor of the Debtor, whether or not such creditor is impaired under the Plan, and whether or not such creditor has accepted the Plan.  Confirmation of the Plan will also release and forever discharge the Debtor from any rights or claims of creditors of the Debtor arising prior to the confirmation Date.

In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the creditor must request the Bankruptcy Court to estimate for the purpose of allowance under Section 502 of the Code, prior to the confirmation date in accordance with Bankruptcy Rule 3013.  Any disputed, contingent or unliquidated claim which fails to comply with this procedure shall not be entitled to vote on the Plan since that may unduly delay the administration of this Chapter 11 case.

### X.  Modification of the Plan

The Debtor may propose amendments or modifications to the Plan at any time prior to confirmation, with leave of Court, and notice to affected unsecured creditors, the U.S. Trustee and attorneys for secured creditors.  In the event that all classes under the Plan do not accept the Plan in the requisite number and amount, the Debtor will request that the Court confirm the Plan notwithstanding the rejection of any class, provided that at least one class of creditors whose claims are impaired under the Plan have accepted the Plan. In such event, the Court will determine whether the Plan can be confirmed notwithstanding the rejection of the Plan by a class of creditors pursuant to Section 1129(b) of the Bankruptcy Code.  After confirmation the Debtor may, with approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order of Confirmation, in such manner as may be necessary to carry out the purposes and effect of the Plan.

### XI. Management and Ownership

After the entry of a Final Order Confirming the Plan, the Debtor will continue to use her own income to make plan payments as the reorganized Debtor.

### XII. Jurisdiction

The Debtor anticipates that the Court will enter a Post-Confirmation Order retaining jurisdiction for the following purposes:

a. to determine the allowance or disallowance of claims and interests, to determine any objections to claims and to estimate claims for the purpose of allowance;

b. to fix allowance of compensation and other administrative expenses;

c. to determine any and all pending applications for the rejection or assumption of executory contracts and determine any and all claims arising therefrom;

d. to determine all applications, objections, adversary proceedings and contested or litigated matters properly before the Court and pending on the Plan Confirmation Date;

e. to conduct any sales of real estate or other assets as necessary to the consummation of the Plan;

f. to modify the Plan pursuant to the Bankruptcy Code or remedy any defect or omission or inconsistency within the Plan.

g. to determine any tax liability arising from the administration of this bankruptcy estate.

Respectfully submitted,

Dated: November 1, 2013            /s/ Edgardo D. Santillán
                                   Edgardo D. Santillán, Esq.
                                   Santillán Law Firm, PC
                                   (Counsel for Debtor)
                                   650 Corporation Street
                                   Suite 304
                                   Beaver, PA  15009
                                   (724) 770-1040
                                   Pa. I.D. # 60030


Dated: November 1, 2013            /s/ Synthia Contestabile
                                   Synthia Contestabile